FILED
United States Court of Appeals
Tenth Circuit

July 15, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SONIA OSUNA,

      Defendant-Appellant.

No. 08-2270
(D.C. No. 1:06-CR-1975-BB-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Sonia Osuna pled guilty to one count of conspiracy to possess with intent to

distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C.

§ 846, and was sentenced to 84 months' imprisonment followed by 4 years of

unsupervised release. Ms. Osuna now appeals. Her attorney has filed a brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising us that he

discerns no colorable basis for the appeal, and seeking leave to withdraw. After

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

careful review and for the reasons we describe below, we grant the attorney's motion to withdraw and dismiss this appeal.

* * *

A 2006 investigation by the New Mexico State Police Department and the federal Drug Enforcement Agency implicated Ms. Osuna in a drug conspiracy. A coconspirator alleged that he delivered a total of twenty-four pounds of methamphetamine to Ms. Osuna on several occasions, for which Ms. Osuna paid him approximately $70,000. After indictment by the U.S. Attorney and on the advice of court-appointed counsel, Ms. Osuna agreed to plead guilty to the conspiracy count, in exchange for which the government agreed to withdraw the possession count. The parties jointly recommended a sentence of 84 months in prison.

The offense to which Ms. Osuna pled guilty carried a mandatory minimum of 10 years in prison. However, the district court found that Ms. Osuna qualified for 18 U.S.C. § 3553(f)'s "safety valve" provision, which allows a sentence below the mandatory minimum for certain kinds of offenders, of which Ms. Osuna is undisputedly one. Under the Sentencing Guidelines, Ms. Osuna qualified for a base offense level of 34, from which the district court subtracted two levels for material assistance and specific offense characteristics, two levels for minor participation in the conspiracy, and three levels for acceptance of responsibility, resulting in a total offense level of 27. Combined with a criminal history

category of I, the Guidelines dictated a sentence of 70 to 87 months. The court found no reason to depart from the advisory Guidelines range and therefore adopted the parties' recommended sentence of 84 months in prison, along with four years of unsupervised release.

Ms. Osuna timely filed a notice of intent to appeal, and her counsel submitted an *Anders* brief asking that he be allowed to withdraw and that Ms. Osuna's appeal be dismissed. The Supreme Court's decision in *Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous." 386 U.S. at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Id.* We must then "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.* In this case, we offered Ms. Osuna an opportunity to respond to her counsel's assertions, but she filed no response.

The *Anders* brief before us suggests that the only possible issue on appeal is whether Ms. Osuna's counsel offered constitutionally ineffective assistance. However, except in extraordinary circumstances, claims of ineffective assistance

of counsel "should be brought in collateral proceedings rather than on direct appeal from a conviction." *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006); *accord United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("[Ineffective assistance] claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). The record before us offers no indication why we should depart from the general rule in this case.

The *Anders* brief raises no additional issues, and Ms. Osuna adds none for us to consider. Nor has our own review of the record revealed any legitimate bases for appeal.

With respect to the conviction, the defendant entered her plea knowingly, intelligently, and voluntarily. *See McCarthy v. United States*, 394 U.S. 459 (1969). The record contains no evidence to suggest any deficiency, and neither Ms. Osuna nor her counsel has challenged the sufficiency of the plea process. In fact, Ms. Osuna certified that she reviewed the plea with her attorney and agreed to its terms. R. at 14. We therefore find no colorable basis for appeal on these grounds.

As to the sentence, our review for procedural and substantive reasonableness, *see Gall v. United States*, 128 S. Ct. 586, 597 (2007), exposes no colorable claim of error of either sort. The district court correctly calculated the Guidelines range and correctly applied the factors enumerated in 18 U.S.C.

§ 3553(f) to find that the statutory mandatory minimum sentence did not apply. The district court then selected a sentence within the applicable Guidelines range and to which the parties had stipulated. We find this sentence substantively reasonable in light of the evidence. *See United States v. Gillespie*, 452 F.3d 1183, 1192 (10th Cir. 2006) ("A sentence that falls within the correctly calculated Guidelines range is presumptively reasonable."); *see also Gall*, 128 S. Ct. at 597 (citing *Rita v. United States*, 127 S. Ct. 2456 (2007)) (approving a circuit court's presumption of reasonableness for sentences within the applicable Guidelines range). There is no non-frivolous claim that the district court abused its considerable discretion. *See United States v. Todd*, 515 F.3d 1128, 1134-35 (10th Cir. 2008).

After our review of the record, we agree with Ms. Osuna's lawyer that there is no colorable basis for appeal. Accordingly, we grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge